MEMO ENDORSED

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

Under Rule 13 (b)(2) of the Rules for the Division of Business Among District Judges, Southern District of New York, "the Judge with the lowest docket number shall control" whether a case is designated as related. Parties may address Judge Schofield, who is assigned to the case with the lower docket number (No. 1:22-cv-8012) regarding reassignment.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 11, 2024
New York, New York

March 5, 2024

*Via ECF*

Hon. Dale E. Ho
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Zodiac Maritime Limited v. Glencore Singapore Pte Ltd.*, S.D.N.Y. Case No. 1:24-cv-0351 (DEH)

Dear Judge Ho:

We represent Zodiac Maritime Limited ("Zodiac") and Tocir Shipping Limited Partnership ("Tocir," and collectively, "Plaintiffs") in this action. We write in response to Glencore Singapore Pte Ltd.'s ("Glencore") March 1, 2024 letter, ECF No. 16. In its letter, Glencore requests that this action be deemed related to another case, *Serifos Maritime Corporation v. Glencore Singapore Pte Ltd.*, No. 1:22-cv-8012 (S.D.N.Y.) (the "Serifos Action"), and reassigned to Judge Schofield. Glencore's request should be denied because these actions are insufficiently related under Rule 13 of the Rules for the Division of Business Among District Judges ("DOB Rules") to warrant reassignment.

Glencore asserts that these actions have "substantial factual overlap." ECF No. 16, at 1. But that "overlap" boils down to two points: Glencore's supply of contaminated fuel oil to hundreds of vessels (including Plaintiffs and the plaintiffs in the Serifos Action) and Glencore's reliance on its general terms and conditions. That ten-thousand-foot view overstates the factual similarity between these actions. This action is distinct from the Serifos Action for several reasons.

*First*, because Plaintiffs' vessel and the vessel in the Serifos Action suffered different harm from Glencore's contaminated fuel, each case presents different questions of liability and damages. For example, Judge Schofield dismissed the Serifos-plaintiffs' negligence and product liability claims as barred by the economic loss rule because they did not allege any physical damage to their property. *See* Serifos Action, ECF No. 53, at 8-9. Plaintiffs' complaint, meanwhile, is replete with allegations of physical damage to the vessel's engine and fuel system,

caused by Glencore's contaminated fuel oil. *See* ECF No. 1 ¶¶ 41-42, 44, 57-58, 79. Thus, Plaintiffs' claims involve different questions of law that Judge Schofield did not reach. Plaintiffs' damages, including its repair costs, are likewise unique. To the extent Glencore contests those damages, this action will present new issues that have not arisen in the Serifos Action.

*Second*, Plaintiffs' communications with Glencore are materially different. For example, Judge Schofield dismissed the Serifos-plaintiffs' intentional misrepresentation claim as duplicative of their contract claim because they alleged "no fraudulent misrepresentation collateral or extraneous to the contract." Serifos Action, ECF No. 53, at 10 (noting the plaintiffs' claim did not fall within any of the three exceptions to the rule against duplicative claims). Here, Plaintiffs allege that Glencore made a distinct misrepresentation to Plaintiffs over a month *after* Glencore delivered the contaminated fuel. *See* ECF No. 1 ¶¶ 45-46, 88-94. This action thus raises different factual and legal questions that were not at issue in the Serifos Action.

*Third*, Plaintiffs' contract with Glencore differs from the contract at issue in the Serifos Action. Judge Schofield denied the Serifos-plaintiffs' efforts to recover for the delay caused by Glencore's contaminated fuel oil because Glencore's general terms and conditions excluded demurrage. Serifos Action, ECF No. 93, at 4-5. But Plaintiffs' contract specifically reserved "Zodiac's right 'to claim demurrage' 'in the event of any delays or disputes,' and explicitly stated that [the contract's] provisions 'supersede supplier/sellers terms and conditions.'" ECF No. 1 ¶ 33. Again, this action presents different legal and factual issues that Judge Schofield did not address in the Serifos Action.

The mere fact that Plaintiffs and the Serifos-plaintiffs brought the same *types* of claims is insufficient to warrant reassignment. Nor is the fact that Glencore is party in both actions. DOB Rule 13(a)(2)(A) specifically states that "[c]ivil cases shall not be deemed related merely because they involve common legal issues or the same parties." Instead, this action presents different legal and factual questions that were not addressed in the Serifos Action. Judge Schofield's familiarity with the general backdrop – Glencore's supply of contaminated fuel – will not materially decrease judicial effort or increase efficiency in resolving the new issues that form the crux of Plaintiffs' case.

* * *

For these reasons, Plaintiffs respectfully request that the Court deny Glencore's request to deem these actions related and transfer this action to Judge Schofield. We are available to discuss these matters at the Court's convenience.

Respectfully submitted,

*/s Mark C. Hansen*
Mark C. Hansen